### Tex. & Pac. R'y Co. v. F. W. Jackson.

#### (No. 2016.)

Appeal from Red River County. Opinion by Will-son, J.

Burdett & Wright, counsel for appellant.

Taylor & Chambers, counsel for appellee.

§ 41. *Notice of claim for damages; stipulation for in contract of shipment; instance of insufficient notice; case stated.* Appellee shipped five car loads of cattle, two hundred and twelve head, from Prescott, Arkansas, to Gainesville, Texas, over appellant's line of railway, under a written contract of shipment, the freight charges being $68 per car load. Said contract contained a stipulation to the effect that, as a condition precedent to appellee's right to recover any damages for any loss or injury to said cattle during their transportation, he was required to give notice in writing of his claim for damages to some general officer of the company or to its nearest station agent before he removed said cattle from the place of their destination, etc., and it was provided that

a failure to give such notice should be a complete bar to any action for damages. Appellee brought this suit to recover $15 overcharge for freight, and $960 for loss of and injury to cattle on the route. He recovered judgment for the full amount claimed. *Held:* It is well settled that the stipulation as to notice of claim for damages is valid and binding, and must be complied with by the shipper before he has a right of action for damages. [W. & W. Con. Rep. §§ 374, 688, 1257; 2 W. Con. Rep. §§ 136, 137, 324, 330.] In this case, the only notice of a claim for damages which is pretended to have been given is a letter written by appellee to appellant's general freight agent, at St. Louis, complaining that the train which was transporting his cattle had been delayed on the route, and that the company's agents had exacted and compelled him to pay $15 expense of transportation in addition to the contract price of $68 per car load. He made no claim in said letter for any loss of or injury to the cattle, or for any damage whatever except the extra charge of $15. *Held:* Said letter was not a notice of appellee's claim for damages. It was not a compliance with said condition precedent to his right of action contained in the contract. It was within his power to perform this condition by giving the required notice to appellant's station agent at Gainesville, and failing to do this, he has no just ground to complain that he is barred of his right to recover. The trial judge correctly instructed the jury as to the law upon this subject, but the verdict of the jury and the judgment of the court thereon are contrary to such instructions.

§ **42.** *Judgment may be rendered for less than jurisdictional amount, when.* Appellee was entitled to recover the $15 extra charges paid out by him. He was not required by the contract to pay out this money, but did so in compliance with the demand of appellant's agent, under circumstances which justify its recovery back. He is entitled to judgment for said amount, although such amount is not within the jurisdiction of the county court.

It does not appear that appellee sought improperly to confer jurisdiction upon the county court by his claim for the other and principal damages. On the contrary it appears that he prosecuted his entire claim in good faith, believing he had a legal right to recover the whole. Therefore, the jurisdiction of the court having rightfully attached, judgment should be rendered for the amount which appellee is entitled to recover, although said amount is not within the jurisdiction of the court. [2 W. Con. Rep. §§ 772, 773.]

November 25, 1885.        Reversed and rendered.